### No. 2278.—A. Skannall v. John A. Stevenson.

*An agent engaged in the purchase of cotton must account to his principal for the full quantity that he has purchased.*

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Randolph, Singleton & Browne,* for plaintiff and appellee. *Clark, Bayne & Renshaw,* for defendant and appellant.

Taliaferro, J. On the seventeenth of June, 1865, a written contract was entered into between the plaintiff and defendant of this character: John Chaff, the duly authorized agent of Stevenson, obtained from the plaintiff one hundred and thirty-six bales of cotton, which were to be disposed of by Stevenson and the net proceeds to be equally divided between them. This suit is brought on this written agreement to enforce payment of one-half the value of the cotton, which the plaintiff alleges to be $14,000, and he prays judgment accordingly. The answer is a general denial and defendant avers specially that he never received any cotton, the property of the plaintiff. Judgment was rendered in favor of the plaintiff for $3233 33, with costs. The defendant has appealed.

We think it fully established that Chaff was the authorized agent of Stevenson; that in that capacity he made the agreement with Skannall for one hundred and forty bales of cotton and received one hundred and thirty-six bales; that it was shipped by Chaff from Lake Bisteneau to the mouth of Loggy bayou, on the Red river. Stevenson sets up in defense that this cotton was never received by him, or rather introduces evidence to establish that the cotton was seized under order of the Federal Government and appropriated to itself as cotton that had been sold by Skannall to the rebel government. It is true that Skannall had so disposed of his cotton, and in the agreement with Stevenson the latter specially bound himself to hold Skannall harmless and protect him against all claims of the United States in respect to it. The attempt of Stevenson to show that all this cotton was seized by the United States' agents, we think a failure. The facts in relation to it seem to be that in the month of June, very soon after the agreement was entered into between Stevenson's agent and Skannall, the cotton was shipped to the mouth of Loggy bayou, thence to be reshipped to New Orleans. This shipment from the lake to the mouth of Loggy bayou was undoubtedly made in the latter part of June. Stevenson had other cottons which he was concentrating at the same point and reshipping from thence to New Orleans. Fully a month afterwards it is shown that the government agents did s·ize all the cotton that Stevenson had *at that time* (twenty-eighth July) at the mouth of Loggy bayou; but we are satisfied from the evidence of Chaff that sixty-three bales of the Skannall cotton had been shipped to New Orleans and disposed of by Stevenson before this general seizure of cotton took place on the twenty-eighth of July. There was ample time for the shipment which Chaff refers to to have been made before the twenty-eighth of July. He says, speaking of the Skannall cotton: "My agent attended to the shipping of it. I also heard from the agent under my control of his receiving it at the mouth of Loggy bayou. After that the only knowledge I have is that I saw the bills of lading of sixty three bales of cotton shipped from the mouth of Loggy bayou to New Orleans. Further I know nothing but there were sixty-three bales of that cotton that I saw the bills of lading for shipped from the mouth of Loggy bayou to New Orleans. These bills of lading were produced to me by Joseph B. Hamilton." A portion of the lot of cotton obtained by Stevenson through Chaff from Skannall was probably still remaining at the mouth of Loggy bayou with other cotton under Stevenson's control awaiting shipment, and was seized by the government on the twenty-eight of July. But that prior to that time sixty-three bales of Skannall's lot were shipped off and escaped the Federal officers, we think quite clear. These sixty-three bales Stevenson does not account for satisfactorily.

Whatever might be our view under a different state of facts in regard to the traffic between these parties in cotton having the character of that of Skannall's, we think that Stevenson having received the cotton as an agent of Skannall and, as we are satisfied, has failed to account for a part of it, he ought to be held liable. The case was tried before a jury in the lower court and they found a verdict for the amount stated. We do not feel authorized to disturb it.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

Rehearing refused.